## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

CHADWADE CHAMBERS,                    :        Civil No. 3:22-cv-2075

        Plaintiff                         :        (Judge Mariani)

    v.                                :

LT. TODD SCHWEYER, *et al.*,           :

        Defendants                        :

FILED
SCRANTON

JAN 0 3 2023

PER_____
DEPUTY CLERK

### MEMORANDUM

Plaintiff Chadwade Chambers ("Chambers"), an inmate housed at the Pike County Correctional Facility, in Lords Valley, Pennsylvania, filed this civil rights action pursuant 42 U.S.C. § 1983. (Doc. 1). When Chambers filed the complaint, he also filed an application to proceed *in forma pauperis* under 28 U.S.C. § 1915. (Doc. 2). Pursuant to the Prison Litigation Reform Act ("PLRA"),[1] the Court will perform its mandatory screening of the complaint and, for the reasons set forth below, will grant the motion to proceed *in forma pauperis* and dismiss the complaint with leave to amend.

## I.   Standards of Review

The Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (April 26, 1996), authorizes a district court to review a complaint in a civil action in which a prisoner is proceeding *in forma pauperis* or seeks redress against a governmental employee or entity.

---

[1]    The Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (April 26, 1996).

*See* 28 U.S.C. § 1915(e)(2), 28 U.S.C. § 1915A. The Court is required to identify cognizable claims and to *sua sponte* dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B), 28 U.S.C. § 1915A(b). This initial screening is to be done as soon as practicable and need not await service of process. *See* 28 U.S.C. § 1915A(a).

In dismissing claims under §§ 1915(e)(2) and 1915A, district courts apply the standard governing motions to dismiss brought pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. *See, e.g., Smithson v. Koons*, Civ. No. 15-01757, 2017 WL 3016165, at *3 (M.D. Pa. June 26, 2017) (stating "[t]he legal standard for dismissing a complaint for failure to state a claim under § 1915A(b)(1), § 1915(e)(2)(B)(ii), or § 1997e(c)(1) is the same as that for dismissing a complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure."); *Mitchell v. Dodrill*, 696 F. Supp. 2d 454, 471 (M.D. Pa. 2010) (explaining that when dismissing a complaint pursuant to § 1915A, "a court employs the motion to dismiss standard set forth under Federal Rule of Civil Procedure 12(b)(6)"); *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999) (applying Federal Rule of Civil Procedure 12(b)(6) standard to dismissal for failure to state a claim under § 1915(e)(2)(B)).

A complaint must be dismissed under Federal Rule of Civil Procedure 12(b)(6), if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). The

plaintiff must aver "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009).

"Though a complaint 'does not need detailed factual allegations, . . . a formulaic recitation of the elements of a cause of action will not do.'" *DelRio-Mocci v. Connolly Prop. Inc.*, 672 F.3d 241, 245 (3d Cir. 2012) (citing *Twombly*, 550 U.S. at 555). In other words, "factual allegations must be enough to raise a right to relief above the speculative level." *Covington v. Int'l Ass'n of Approved Basketball Officials*, 710 F.3d 114, 118 (3d Cir. 2013) (internal citations and quotation marks omitted). A court "take[s] as true all the factual allegations in the Complaint and the reasonable inferences that can be drawn from those facts, but . . . disregard[s] legal conclusions and threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Ethypharm S.A. France v. Abbott Laboratories*, 707 F.3d 223, 231, n.14 (3d Cir. 2013) (internal citations and quotation marks omitted).

*Twombly* and *Iqbal* require [a district court] to take the following three steps to determine the sufficiency of a complaint: First, the court must take note of the elements a plaintiff must plead to state a claim. Second, the court should identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth. Finally, where there are well-pleaded factual allegations, a court should assume their

veracity and then determine whether they plausibly give rise to an entitlement for relief. *Connelly v. Steel Valley Sch. Dist.*, 706 F.3d 209, 212 (3d Cir. 2013).

"[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not show[n] - that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (internal citations and quotation marks omitted). This "plausibility" determination will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

However, even "if a complaint is subject to Rule 12(b)(6) dismissal, a district court must permit a curative amendment unless such an amendment would be inequitable or futile." *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 245 (3d Cir. 2008).

> [E]ven when plaintiff does not seek leave to amend his complaint after a defendant moves to dismiss it, unless the district court finds that amendment would be inequitable or futile, the court must inform the plaintiff that he or she has leave to amend the complaint within a set period of time.

*Id.*

## II. <u>Discussion</u>

### A. Chambers' Complaint

Chambers filed this § 1983 action against Lieutenant Todd Schweyer, Warden Craig Lowe, and Deputy Warden Jonathan Romance. (Doc. 1). The allegations in the complaint are as follows:

> On multiple occasions I informed the staff of the unfair treatment that I have been receiving as an ICE detainee in there [sic] care and to no avail has anything been done to try and resolve any of the problems that I have. The

4

> defendants in this case were informed of the issues held against the facility
> via multiple c[]omplaints on the inmate kiosk and have done nothing.

(*Id.* at p. 4).  Chambers seeks punitive damages for his mental distress.  (*Id.* at p. 6).

Chambers fails to provide any specific factual allegations to support any claims against the Defendants.  Under the most liberal construction, Chambers' complaint fails to state a claim for relief.  It does not provide any specific factual averments explaining how his constitutional rights were violated.  It also does not identify the particular conduct that harmed him.  This form of pleading is inadequate because it fails to allege facts that give rise to a plausible claim for relief.  *See Hudson v. City of McKeesport*, 244 F. App'x 519, 522 (3d Cir. 2007) (affirming dismissal of defendant because complaint did not provide any basis for a claim against him).  Additionally, in order to recover for mental or emotional injury suffered while in prison, the Prison Litigation Reform Act requires that Chambers make "a prior showing of physical injury."  42 U.S.C. § 1997e(e).  Chambers does not allege that he suffered any physical injury as a result of the alleged actions of Defendants.  Without a showing of physical injury, Chambers may not succeed on his claim for damages.  *See* 42 U.S.C. § 1997e(e); *see also Toussaint v. Good*, 276 F. Appx. 122, 125 (3d Cir. 2008).

Based upon the above legal standards, it is clear that any claims against the Defendants are subject to dismissal based on Chambers' failure to set forth any specific factual allegations against them and failure to set forth an actual injury.  As such, the present complaint will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) as Chambers fails to state a claim upon which relief may be granted.

### B.    Leave to Amend

Due to the applicable liberal pleading standard, a plaintiff should generally be
granted leave to amend before a Court dismisses a claim that is merely deficient.  *See*
*Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002).  The Federal Rules of
Civil Procedure allow for amendments to be granted liberally in light of the "principle that the
purpose of pleading is to facilitate a proper decision on the merits."  *Foman v. Davis*, 371
U.S. 178, 182 (1962).  The Court may deny a motion to amend where there is "undue delay,
bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies
by amendments previously allowed, undue prejudice to the opposing party by virtue of
allowance of the amendment, [or] futility of the amendment."  *Id.*  The Court must also
determine whether a proposed amendment would be futile if the complaint, as amended,
would not survive a motion to dismiss for failure to state a claim.  *In re NAHC, Inc. Sec.*
*Litig.*, 306 F.3d 1314, 1332 (3d Cir. 2002).

Chambers will be permitted leave to amend his complaint.  He is advised that the
amended complaint must be complete in all respects.  It must be a new pleading which
stands by itself without reference to the original complaint or any other document already
filed.  The amended complaint should set forth his claims in short, concise and plain
statements as required by Rule 8 of the Federal Rules of Civil Procedure.  It should
sufficiently allege personal involvement of each Defendant in the acts which he claims

violated his rights and must allege some factual matter showing actual physical injury. Mere conclusory allegations will not set forth a cognizable claim.

## III.   Conclusion

The motion (Doc. 2) to proceed *in forma pauperis* will be granted. The complaint (Doc. 1) will be dismissed for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). Chambers will be granted twenty (20) days to file an amended complaint. Failure to file an amended complaint within the time prescribed above will result in dismissal of this action.

A separate Order shall issue.

Robert D. Mariani
United States District Judge

Dated: January 3, 2023